IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MEYERS, | : | |
| | : | Case No. 4:CV-04-1123 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| SCHUYLKILL COUNTY PRISON, | : | |
| GERALD BRITTON, in his official | : | |
| capacity as Warden of Schuylkill | : | |
| County Prison, | : | |
| SCHUYLKILL COUNTY PRISON | : | |
| BOARD, | : | |
| GERALD BRITTON, individually, | : | |
| SCHUYLKILL COUNTY, and | : | |
| JOHN AND/OR JANE DOE, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

April 25, 2006

**<u>BACKGROUND</u>:**

On May 21, 2004, Plaintiff David Meyers, through his attorneys, instituted this Section 1983 civil rights action against numerous defendants connected with the Schuylkill County Prison.  On March 7, 2006, we granted in part and denied in part defendants' motion for summary judgment.  (Rec. Doc. No. 28.)  The factual background of this case is set forth in that Memorandum.  Now before the court is Plaintiff's Motion To Amend His Complaint To Name Jane And/Or John Doe.

(Rec. Doc. No. 29.)  Because plaintiff's failure to timely amend the complaint to identify the Doe Defendants is the result of undue delay, we will deny the motion.

**DISCUSSION:**

### A.  The Local Rules

We note at the outset the failure of both parties to comply with the Local Rules of the United States District Court for the Middle District of Pennsylvania, which may be found at http://www.pamd.uscourts.gov/docs/LR12012005.pdf. Neither party's pleadings comply with Local Rule 5.1(c), and plaintiff's brief exceeds the fifteen page limit imposed by 7.8(b)(1).  These lapses are inexplicable, especially in light of this court's order dated October 12, 2005, specifically admonishing the parties to comply with these precise rules.  (Rec. Doc. No. 23.) In our October 12th order, we warned counsel that any subsequent document filed by the parties not in compliance with the Local Rules would be returned.

Because we see no purpose in punishing the parties for their attorneys' failures, we will not delay our disposition of this motion by returning the pleadings. We therefore decide the motion on its merits.  Although counsel's failure to comply with both the Local Rules and an Order of this court is disappointing, such failure did not affect our analysis of the merits.

### B.  The Doe Defendants

Plaintiff filed suit against Doe defendants identified only as "those corrections officers and other prison officials whose responsibility was to provide medical care and treatment to the inmates."  (Am. Compl., Rec. Doc. No. 4, at 2.) Nearly two years into the litigation, plaintiff had not specifically identified the Doe defendants despite the close of discovery.  Defendants did not move in their motion for summary judgment for the dismissal of the unnamed Doe defendants, but in their reply to plaintiff's opposition, stated: "The John and/or Jane Doe defendants identified in the caption have never been identified, mandating their dismissal or judgment in their favor."  (Rec. Doc. No. 24, at 11.)  Defendants did not elaborate on this argument.  To give plaintiff a full opportunity to address the matter, we directed plaintiff to file a motion to amend the complaint to substitute names for the Doe defendants.

On March 21, 2006, plaintiff filed his motion to amend the complaint and supporting brief.  (Rec. Doc. No. 29.)  Plaintiff seeks to substitute Corrections Officers Harner and Ferror, Lieutenant Lamar Gehris, Warden Gene Berdanier (Deputy Warden during Meyers' incarceration), and Nurse Christine Banonis for the Doe defendants.  We will refer to these individuals collectively as "Doe defendants" or "proposed defendants."

3

After a twelve-page reiteration of the facts, plaintiff garnered two main arguments in his favor. First, plaintiff states that the "Jane Doe's [sic] and John Doe's [sic] were not named by the Plaintiff because he could not possibly know there [sic] identity without first performing discover [sic]." (Id. at 13-14.) Second, plaintiff argues that the proposed defendants had notice of the suit, either through the shared attorney method, by having a sufficient identity of interest, or from reading a news story published in the local newspaper. (Id. at 15.) In his argument, plaintiff repeatedly relies on the decision of United States Magistrate Judge Joel Rosen in Lassoff v. New Jersey, Civ. No. 05-2261, 2006 U.S. Dist. LEXIS 5350 (D.N.J. Jan. 31, 2006), which denied that plaintiff's motion to amend.

In their opposition, proposed defendants argue that we should deny plaintiff's motion because his failure to amend is "a result of his undue delay, bad faith and dilatory motive." (Rec. Doc. No. 30, at 3.) Proposed defendants also argue that plaintiff failed to demonstrate that his proposed second amended complaint is meritorious, and that plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 15. Plaintiff did not file a reply brief.

We will address plaintiff's arguments in reverse order. First, we discuss plaintiff's argument that proposed defendants had notice of the action. Secondly, we discuss plaintiff's attempt to explain his failure to identify the Doe defendants in

4

a timely manner.

### C.  Rule 15(c) and Relation Back

Meyers sustained his injury in the summer months of 2002, and his wrist was casted on July 25, 2002.  Meyers filed his complaint on May 21, 2004.  "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued."  O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)).  In Pennsylvania, "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" "must be commenced within two years."  42 Pa. C.S.A. § 5524(2).

Meyers filed his motion to amend the complaint to name the Doe defendants on March 31, 2006, after the statute of limitations had run.  Consequently, the two-year statute of limitations will bar the addition of the Doe defendants unless the proposed amended complaint "relates back" to the date of plaintiff's original filing, pursuant to Federal Rule of Civil Procedure 15(c).

"Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint." Singletary v. Penn. Dept. Of Corrections, 266 F.3d 186, 193 (3d Cir. 2001) (citing

<u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1015 (3d Cir. 1995)).  Rule 15(c)(3) would be the applicable rule here, and "courts interpret 15(c)(3) as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants." <u>Id.</u> at 194.

Plaintiff's arguments concerning the proposed defendants' notice of the institution of the action go to the second condition imposed by 15(c)(3): "that the newly named party must have 'received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits." <u>Id.</u> (quoting Fed. R. Civ. P. 15(c)(3)(A)).  Plaintiff argues that the proposed defendants had notice of the suit either through the shared attorney method, by having a sufficient identity of interest, or from reading a news story published in the local newspaper.

However, we need not decide whether the proposed defendants had sufficient notice of the suit, or whether the proposed amended complaint relates back to plaintiff's original filing on May 21, 2004.  As we discuss below, plaintiff has unduly and unreasonably delayed in identifying the Doe defendants and moving to amend the complaint.  We therefore conclude that the interests of justice do not require that plaintiff's motion be granted.   <u>See</u> Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

### C.  Rule 15 and Undue Delay

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."   The Supreme Court has identified several factors to be considered when applying Rule 15(a):

> In the absence of any apparent or declared reason–such as <u>undue delay</u>, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (emphasis added).  We focus on plaintiff's undue delay in amending his complaint.

As proposed defendants point out, "Plaintiff's Motion to Amend was filed almost four years after his alleged injury at the Schuylkill County Prison, over a year after the initial discovery deadline, approximately six months subsequent to the final discovery deadline and after this Court issued its Order on the named Defendants' Motion for Summary Judgment."  (Proposed Defs.' Br. in Opp., Rec. Doc. No. 30, at 3-4.)  Plaintiff attempts to excuse his failure to identify the Doe defendants by stating that "[t]he Jane Doe's [sic] and John Doe's [sic] were not named by the Plaintiff because he could not possibly know there [sic] identity without first performing discover [sic]."  (Rec. Doc. No. 29, at 13-14.)

7

As the Third Circuit noted in <u>Singletary</u>, "[i]t is certainly not uncommon for victims of civil rights violations (e.g., an assault by police officers or prison guards) to be unaware of the identity of the person or persons who violated those rights." 266 F.3d at 201 n.5.  While Meyers "was not aware of the names of all corrections officers, nurses and other officers" during his incarceration at the Schuylkill County Prison, he learned of their identities long before moving to add them as defendants.

At the very latest, plaintiff knew the names of all five proposed defendants at the time of his deposition on January 17, 2005.  At his deposition, plaintiff discussed by name Deputy Warden Gene Berdanier (<u>see, e.g.</u>, Rec. Doc. No. 21-2, at 34), Lieutenant Lamar Gehres (<u>see, e.g.</u>, <u>id.</u> at 53), Corrections Officer Jeffrey Harner (<u>see, e.g.</u>, <u>id.</u> at 39), Corrections Officer Ferron (<u>see, e.g.</u>, <u>id.</u> at 43), and Nurse Tina Banonis (<u>see, e.g.</u>, <u>id.</u> at 41).

Plaintiff offers no credible excuse for this delay.  We share the Third Circuit's concern, articulated in <u>Singletary</u>, that fairness be afforded civil rights plaintiffs who are unaware of potential defendants' identities.  This is not a case, however, where plaintiff has only now been able to learn the names of the Doe defendants.  Plaintiff knew the identities of these proposed defendants at least fifteen months ago, before the close of discovery.  As proposed defendants argue, "Plaintiff's failure to name Proposed Defendants as parties to the action and to

8

specify their alleged wrong-doing for over a year and a half has robbed Proposed

Defendants of the opportunity to actively participate in their defense and to actively

participate in the discovery process."  (Rec. Doc. No. 30, at 6.)

"While the passage of time alone does not support the denial of leave to

amend, undue delay in seeking such leave will."  Wine v. EMSA Ltd. P'ship, 167

F.R.D. 34, 39-40 (E.D. Pa. 1996) (Robreno, J.); see also Lorenz v. CSX Corp., 1

F.3d 1406, 1414 (3d Cir. 1993) (where plaintiff was aware of the facts but delayed

for three years before filing a motion to amend, delay was unreasonable).

Discovery is over; motions for summary judgment have been briefed and decided;

trial is on the horizon.  Plaintiff's delay is undue, and unreasonable.  Because the

interests of justice do not require that plaintiff's motion be granted, we will deny the

motion to amend.


**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Plaintiff David Meyers's Motion To Amend His Complaint to Name

       Jane And/Or John Doe is denied.  (Rec. Doc. No. 29.)


                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge